UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ELROY J. BOASSO, III                       CIVIL ACTION

VERSUS                                        NO. 18-5623

NANCY A. BERRYHILL, ACTING           SECTION: "A"(5)
COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION

## ORDER AND REASONS

Before the Court is an **Objection to Report and Recommendations (Rec. Doc. 13)** filed by Plaintiff Elroy Boasso, III. The Commissioner has responded. (Rec. Doc. 14). The Court, having considered the objection, the response, the record, the applicable law, and the Magistrate Judge's Report and Recommendation (Rec. Doc. 12), hereby **REMANDS** the case to the Administrative Law Judge ("ALJ") for the reasons set forth below.

**I.**      **Background**

Elroy Boasso, III, seeks judicial review pursuant to 42 U.S.C. Sections 405(g) and 1382(c)(3), of the final decision of the Commissioner denying his claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits under Titles II and XVI of the Social Security Act due to an injury sustained in 2012. As ordered by the Court, Petitioner filed a motion for summary judgment (Rec. Doc. 10), and the Commissioner filed a timely cross-motion for summary judgment. (Rec. Doc. 11). The magistrate judge issued a Report and Recommendation after reviewing the cross motions. (Rec. Doc. 16). Petitioner timely filed objections to the Report and Recommendation. (Rec. Doc. 13). The Commissioner filed a response to Petitioner's objections urging the Court to adopt the magistrate judge's Report and Recommendation. (Rec. Doc. 14).

The magistrate judge found no error in the Commissioner's final decision to deny DIB and SSI and therefore recommended that Plaintiff's motion for summary judgment be denied, the Commissioner's cross-motion be granted and dismissal with prejudice of Petitioner's case. (Rec. Doc. 12). The magistrate judge's Report and Recommendation is subject to *de novo* review by this Court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

**II.     Discussion**

Plaintiff alleges disability as of June 1, 2014, due to an injury sustained in 2012. (Rec. Doc. 13, p. 2). Plaintiff's alleged disability includes thoracic pain from a failed back surgery, post laminectomy syndrome, degenerative disc disease, back spasms, leg spasms, depression, anxiety, seizures, difficulty standing or sitting for long periods of time, and broken sleep with pain. (Rec. Doc. 12, p. 1). In May 2015, Plaintiff filed applications for DIB and SSI. (*Id.*). On September 10, 2015, the Commissioner's administrative review process denied Plaintiff's application for social security benefits. (*Id.*). On January 10, 2017, an ALJ held a hearing *de novo* followed by a written decision issued March 20, 2017, determining that Plaintiff was not disabled within the meaning of the Social Security Act. (*Id.* at 1-2). On April 3, 2018, the Appeals Council denied Plaintiff's appeal request rendering the ALJ's determination final. (*Id.* at 2). Pursuant to 42 U.S.C. Sections 405(g) and 1382(c)(3), Plaintiff now seeks judicial review. (*Id.*).

Judicial review of the Commissioner's decision is limited under 42 U.S.C § 405(g) to two inquiries: (1) whether the Commissioner applied the proper legal standards, and (2) whether the decision is supported by substantial evidence of the record as a whole. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992). Substantial evidence is more than a scintilla, but less than a preponderance and is relevant such that a

reasonable person would accept it as adequate to support a conclusion. *Richardson v. Perales*, 402 389, 401 (1971); *Spellamn v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002).

Plaintiff asserts three challenges to the Commissioner's decision: (1) the ALJ committed legal error by failing to evaluate, rule on, and file as an exhibit into the administrative record his request for a subpoena for the records of one of his treating physicians, Dr. Adrian Talbot; (2) Dr. Talbot's updated medical records constitute new and material evidence that warrants a remand as they document his ongoing symptomology of back and leg pain and support a more restrictive residual functional capacity assessment than that which was arrived at by the ALJ; and (3) Dr. Randee Booksh's report of a neuropsychological evaluation constitutes new and material evidence warranting remand to the Commissioner.

The Court adopts the magistrate's Report and Recommendation regarding the issues of legal error and whether Dr. Talbot's updated medical records constitute new and material evidence; however, the Court finds that the medical report of Dr. Booksh constitutes new and material evidence warranting remand. Pursuant to 42 U.S.C. Section 405(g) this Court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." Determining the materiality of new evidence requires a court to make two separate inquiries: (1) whether the evidence relates to the time period for which the disability benefits were denied; and (2) whether there is a reasonable probability that this new evidence would change the outcome of the Commissioner's decision. 67 F.3d 552, 556 (5th Cir. 1995).

Plaintiff argues that the report relates to the time period at issue in this litigation because Dr. Booksh's findings established that Plaintiff sustained major neurocognitive impairment due to his severe brain injury dating back to 2012. (Rec. Doc. 13, p. 6). Plaintiff asserts that he suffered a cognitive decline due to the 2012 injury that was not fully comprehended at the time of the hearing. (*Id.* at 7). The Commissioner argues that Plaintiff has failed to show any objective findings of limitations as a result of this diagnosis, and diagnosis alone doesn't establish a disability. (Rec. Doc. 14, p. 2).

Plaintiff also argues that he has good cause as to why Plaintiff did not seek a neurocognitive assessment prior to Dr. Booksh's evaluation. (Rec. Doc. 13, p. 7). Plaintiff asserts that given his low range of intelligence and perceptual reasoning he is particularly ill-suited to make diagnostic or treatment decisions. (*Id.* at 8). As such, Plaintiff argues that he was not in a position to understand the cognitive decline caused by the 2012 injury. (*Id.* at 9). The Commissioner responds by stating that the function report completed by Plaintiff did not indicate an inability to complete tasks due to limited mental functioning. (Rec. Doc. 14, p. 2).

All parties agree that the evidence of Plaintiff's neurocognitive disorder and cognitive decline is new. In 2017, Plaintiff appeared before the ALJ and the Commissioner's decision thereafter was final. The information was not known until 2018 after the ALJ's decision because Plaintiff was not referred for a neurocognitive assessment until 2018. (Rec. Doc. 10-4, p. 1).

The Court finds that the new evidence is material and Plaintiff had good cause for not incorporating the evidence into the record before the ALJ. The evidence is material because it relates to the period for which disability benefits are sought. In April 2018, Dr. Booksh issued his medical report in which he diagnosed Plaintiff as having major neurocognitive disorder as a result of a severe traumatic brain injury, the 2012 incident. (Rec. Doc. 10-4, p. 7). The second

materiality requirement is met as the Court finds there is a reasonable possibility that Dr. Booksh's report would have changed the outcome of the Commissioner's determination had Dr. Booksh's report been before him. *Johnson v. Heckler,* 767 F.2d 180, 183 (5th Cir. 1985) (quoting *Dorsey v. Heckler*, 702 F.2d 597, 604–05 (5th Cir.1983).

Plaintiff has good cause for failing to incorporate the evidence into the record in 2017 because Booksh's evaluation came only after the referral of his treating physician, Dr. Casey. (Rec. Doc. 10-4, p. 1). Dr. Casey reported that Plaintiff was having issues with medical compliance and detected a potential cognitive impairment, and as Plaintiff asserts, no records reflect that any prior treating doctor recommended a neuropsychological evaluation or suspected noncognitive impairment. (Rec. Doc. 13, p. 8). Therefore, the Court orders that the case be remanded so that the additional evidence may be taken before the ALJ.

**III. Conclusion**

Accordingly,

**IT IS ORDERED** that Plaintiff's suit is REMANDED to the Administrative Law Judge.

New Orleans, Louisiana, this 28th day of May, 2019.

JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE