UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ELROY J. BOASSO, III | CIVIL ACTION |
| VERSUS | NO. 18-05623 |
| ANDREW SAUL, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION | SECTION A "5" |

## ORDER AND REASONS

Before the Court is a **Motion for Attorneys' Fees and Costs (Rec. Doc 17)** filed by the Plaintiff Elroy Boasso, III, pursuant to the Equal Access to Justice Act ("EAJA") 28 U.S.C. § 2412. The Defendant Andrew Saul, Acting Commissioner of the Social Security Administration, ("Commissioner") opposes the motion. (Rec. Doc 18). The motion, set for submission on September 18, 2019, is before the Court on the briefs without oral argument.

### I. BACKGROUND

On March 28, 2019, the Court reversed Boasso's adverse benefits decision and remanded the case to the Social Security Administration for further proceedings under sentence four of 42 U.S.C. § 405(g). (Rec. Doc 15). Boasso now moves for attorneys' fees and costs pursuant to the EAJA. (Rec. Doc 17, Boasso's Memorandum in Support).

### II. STANDARD OF REVIEW

Under the EAJA, the Court shall award to a prevailing party fees and other expenses incurred by that party in any civil action, including proceedings for judicial review of agency action, brought by or against the United States, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Further, "attorney fees shall not be awarded in excess of $125 per

hour unless the court determines that an increase in the cost of living or a special factor, such as the limited ability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii).

A district court has discretion to increase this hourly rate beyond the statutory cap in order to arrive at a reasonable rate for attorneys' fees in a particular market. *Kolb v. Colvin*, No. CV 13-5085, 2016 WL 258621, at *2 (E.D. La. Jan. 21, 2016). The Fifth Circuit has held "that cost-of-living adjustments under the EAJA must be made to reflect the appropriate rate in the year in which the services were rendered." *Yoes v. Barnhart*, 467 F.3d 426, 426 (5th Cir. 2006). Because the EAJA was amended in March 1996 to increase the statutory ceiling from $75 to $125 per hour, the appropriate time period for which to calculate any cost-of-living increase in this case is from March 1996 to October 2019.[1] *Cavin v. Astrue*, No. CV 12-1144, 2014 WL 28864, at *2, n.4 (E.D. La. Jan. 2, 2014). However, the Court notes that the rate does not need to precisely track the increased cost of living within the geographical area, but it instead should be calculated "only to the extent necessary to ensure an adequate source of representation." *Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1988).

### III.  ARGUMENTS

Boasso submits that he is entitled to recover $4,090 in attorneys' fees pursuant to the EAJA (20.45 hours of work at an hourly rate of $200). (Rec. Doc 18, p. 3-4, Boasso's Memorandum in Support). Boasso reached an hourly rate of $200 by starting with the Consumer Price Index for all urban cities ("CPI-U") in March 1996 and then compared that

---

[1] Boasso's attorney worked on this case between June 2018 and August 2019. (Rec. Doc 17-3, Boasso's Time Sheet).

amount to the CPI-U for September 2018.[2] *Id.* at 3. Between that time period, the CPI-U increased by 162%. *Id.* Boasso then multiplied $125 by 162% which yielded an hourly rate of $202.50 that Boasso rounded down to $200. *Id.* Lastly, in addition to attorneys' fees, Boasso also seeks to recover a $400 filing fee. *Id.* at 6.

In its Opposition, the Commissioner makes three main points against Boasso's claim for attorneys' fees and filing fees. First, the Commissioner does not dispute that Boasso is a "prevailing party" who is entitled to fees under the EAJA. (Rec. Doc 18, p. 1, Commissioner's Opposition). Further, the Commissioner also does not dispute that Boasso worked for 20.45 hours. *Id.* at 3. Instead, the Commissioner disputes the hourly rate used by Boasso for two separate reasons. *Id.* at 1-3. The Commissioner's first argument is that Boasso should only receive a $175 hourly rate because Fifth Circuit courts have typically found an hourly rate of $175 to be "reasonable in the New Orleans legal market." *Id.* at 2; *see e.g., Kolb*, 2016 WL 258621, at *3. In the alternative, the Commissioner's second reason for disputing the rate supplied by Boasso is that: "if the CPI is to be used to calculate the EAJA fees, the proper CPI for Orleans Parish is the South Urban B/C CPI which suggests an EAJA rate of $191.85 per hour for work in 2018 and 2019." (Rec. Doc 18, p. 3, Commissioner's Opposition). "Thus, [using] the South Urban B/C CPI, the EAJA fees would be $3,923.33." *Id.*

Next, the Commissioner contends that the Court should deny Boasso's request for reimbursement of the $400 filing fee. *Id.* More specifically, the Commissioner notes that the $400 filing fee requested by Boasso is an award of compensable costs under 28 U.S.C. § 1920 which must be certified by the Office of the United States Attorney to the Department of Treasury for payment. *Id.* at 4. As such, this type of award is separate from an award of

---

[2] Boasso's attorneys seemingly chose the CPI-U for September 2018 because they performed 8 of the total 20.45 hours in that month.

attorneys' fees under EAJA. *Id.* However, in his motion, Boasso requested reimbursement of these fees under 28 U.S.C. § 1920. (Rec. Doc 18, p. 6, Boasso's Memorandum in Support). Thus, the Commissioner concludes that Boasso's request for reimbursement should be denied because Boasso "failed to support his request or mention the appropriate procedural vehicle in his Motion for Attorney's Fees and Costs." (Rec. Doc 18, p. 4, Commissioner's Opposition).

Finally, the Commissioner requests that the Court make any awarded attorneys' fees under EAJA be made payable directly to Boasso, instead of to his attorneys. *Id.* at 3.

### IV.    DISCUSSION

First, the Court here finds an hourly rate of $194 for Boasso's requested attorneys' fees to be appropriate. Although the Court is persuaded by Boasso's argument that he should be awarded an hourly rate that correlates with the CPI, the Court is also persuaded by the Commissioner's argument that the Court should base its calculations off the South Urban B/C CPI ("CPI-B/C") Index instead of the U.S. City Average CPI-U Index offered by Boasso.[3] The Court accordingly reached an hourly rate of $194 by determining the percentage increase of the original 1996 CPI-B/C rate ($100) to the CPI-B/C rate for 2018 ($154.447) and 2019 ($155.3265).[4] This calculation resulted in a multiplier of 1.5478.[5] The Court then applied this

---

[3] The Court notes that, "cost-of-living adjustments under the EAJA must be made to reflect the appropriate rate in the year in which the services were rendered." *Perales v. Casillas*, 950 F.2d 1066, 1076 (5th Cir.1992).

[4] Although the Bureau of Labor Statistics has released 2018's CPI-B/C average, the Court had to calculate the CPI-B/C average for 2019 by only using the months that have been currently released (i.e., January through September). *See* https://www.bls.gov/regions/southwest/data/xg-tables/ro6xg01.htm (last visited on October 11, 2019).

[5] The Court used the following numbers in this calculation: [($154.447 x 62%) + (155.3265 x 38%)] ÷ $100. The Court applied 62% to 2018's CPI-B/C and 38% to 2019's CPI-B/C because Boasso's attorney worked 12.7 hours in 2018 and 7.75 in 2019.

multiplier to the EAJA's 1996 rate of $125, which yielded an hourly rate of $193.46 that the Court rounds to an even $194. Applying this hourly rate to the 20.45 hours worked by Boasso's counsel, the Court awards Boasso $3,967.30 in attorneys' fees.

Second, the Court finds that these attorneys' fees must be made payable to Boasso, and not to his attorneys. The Court recognizes binding precedent which requires fees awarded under EAJA to be made payable directly to the prevailing litigant, not to his or her attorney (regardless of whether the litigant has agreed to assign those fees to his or her attorney). *See Astrue v. Ratliff*, 560 U.S. 586, 591-93 (2010); *Jackson v. Astrue,* 705 F.3d 527, 530-31 (5th Cir. 2013); *Wigginton v. SSA*, No. 15-6694, 2017 WL 3065110, at *3 (E.D. La. July 19, 2017).

Third, as to Boasso's request for reimbursement of his $400 filing fees, neither party disputes that this type of fee is recoverable. Instead, the Commissioner points out that these filing fees are not procedurally awarded under the EAJA. (Rec. Doc 18, p. 4, Commissioner's Opposition). Rather, they are awarded under 28 U.S.C. § 1920. *Id.* Further, the Commissioner also correctly notes that Boasso's counsel improperly requested these fees under § 2412 instead of under § 1920. Thus, although the Commissioner cites a district court case that denied these fees for the same procedural defect, the Court here chooses to use its discretion to refuse to deny Boasso's request for the $400 filing fee merely because of his minor oversight in this procedural manner.

Accordingly;

**IT IS ORDERED** that Boasso's request for attorneys' fees (Rec. Doc 17) is **GRANTED**. Boasso is entitled to $3,967.30 in attorneys' fees, calculated at an hourly rate of $194 for 20.45 hours of work. These fees must be made payable to Boasso, not his lawyers.

**IT IS FURTHER ORDERED** Boasso's request for filing fees (Rec. Doc 17) is **GRANTED**. Boasso is entitled to a reimbursement of his $400 filing fee under 28 U.S.C. § 1920.

October 15, 2019

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE